OPINION
PER CURIAM.
In December 2008, Appellant Mary White commenced this action by filing a “Notice of Appeal” in the District Court, which the court treated as a complaint. This filing sought review of several rulings made by New Jersey Supreme Court Chief Justice Stuart Rabner in White’s various state court proceedings. White requested that the District Court “[ujphold my Constitutional Rights, including but not limited to a fair hearing in an unbiased court,” provide her with “the transcripts and representation needed for equal access to justice,” and “[rjecuse [Chief Justice Rabner] ... from presiding over any of [White’s] hearings and to conduct a Judicial Review based on the six complaints filed against him this year.” In June 2009, the District Court dismissed White’s claims sua sponte, concluding that the Rooker-Feldman doctrine and principles of judicial immunity barred the court’s review.[1] This appeal followed.[2]
The District Court did not err in dismissing White’s claims. The Rooker-Feldman doctrine bars a federal district court from considering “cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.” Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Although this doctrine is narrow, see id., we agree with the District Court that it applies here to White’s challenge to the decisions in her various state court proceedings. Her *683 claim against Chief Justice Rabner individually is barred as well. Under 42 U.S.C. § 1983, “in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.” In requesting Chief Justice Rabner’s recusal and “judicial review,” White did not establish that he violated a declaratory decree or that declaratory relief was unavailable.
Accordingly, we will summarily affirm the District Court’s order dismissing White’s claims. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

. The court noted that White had recently filed a similar complaint before another judge in the same District. In that earlier case, the court dismissed White’s complaint sua sponte, and we summarily affirmed on appeal. See White v. Sup.Ct. of N.J., 319 Fed.Appx. 171 (3d Cir.2009) (non-precedential opinion).

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.